DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kathleen Pozniak, appeals from the judgment of the Lorain County Court of Common Pleas, which granted the separate summary judgment motions of appellees, the city of Amherst ("Amherst") and Judith Recknagel. We affirm.
 I {¶ 2} On a dry and sunny afternoon in March of 1999, Ms. Pozniak was walking northbound on a public sidewalk on Church Street in the downtown area of Amherst, Ohio, in Lorain County. Ms. Pozniak was accompanied by her daughter and granddaughters. Ms. Pozniak's daughter walked alongside Ms. Pozniak, on her left-hand side, closer to the adjacent road. Ms. Pozniak's eight year-old granddaughters walked in front of Ms. Pozniak and her daughter.
 {¶ 3} The Recknagels own the property on which Ms. Recknagel operates the Mermaid's Tale, a retail antique store located on Church Street, adjacent to the sidewalk on which Ms. Pozniak was walking. As Ms. Pozniak walked past the Mermaid's Tale, items in the display window attracted her attention, and she turned her head to the right to look at the items. Immediately after, Ms. Pozniak stepped into a square "hole" in the sidewalk, which at one point had contained a cement trash receptacle. This hole was located adjacent to the curb, and measured approximately six inches deep. Ms. Pozniak's ankle twisted, and she fell to the ground, sustaining injuries as a result of her fall.
 {¶ 4} On January 9, 2001, Ms. Pozniak filed a complaint against Judith Recknagel, d.b.a. Mermaid's Tale, William Recknagel, and Amherst in the Lorain County Common Pleas Court, asserting a negligence claim against each party. The Recknagels filed a cross claim against Amherst for indemnity or contribution, and Amherst filed the same.
 {¶ 5} On April 8, 2002, the Recknagels filed a motion for summary judgment, and on May 1, 2002, Amherst filed a motion for summary judgment. The Recknagels and Amherst each asserted in their respective motion that they were entitled to judgment as a matter of law, asserting that they had no duty to Ms. Pozniak because the sidewalk hole was open and obvious. On October 18, 2002, Medical Mutual of Ohio ("Medical Mutual"), Ms. Pozniak's insurer, filed an intervening complaint, asserting its subrogation rights against the Recknagels and Amherst for the medical expenses it paid on Ms. Pozniak's behalf.
 {¶ 6} On July 16, 2003, the trial court granted both the Recknagels and Amherst's motions for summary judgment. The court found the following:
"[T]he hole in the sidewalk which plaintiff stepped into on 3/27/99, causing her fall and her injuries, was an open-and-obvious hazard. The defendants in this case having asserted the defense included in the open-and-obvious doctrine, and the Court finding the doctrine does apply, the defendants therefore owed no duty to the plaintiff in this case and no breach thereof could occur."
The court entered judgment in favor of the Recknagels and Amherst, dismissed the claims of Ms. Pozniak with prejudice, and dismissed Medical Mutual's intervening complaint without prejudice.
 {¶ 7} Ms. Pozniak timely appealed, asserting two assignments of error for review.[1] We address the assignments of error together, as they involve similar questions of law and fact.
 II First Assignment of Error
"The trial court erred when it granted summary judgment in favor of the appellees judith recknagel and william recknagel."
 Second Assignment of Error
"The trial court erred when it granted summary judgment in favor of the appellee city of amherst, ohio."
 {¶ 8} In her first and second assignments of error, Ms. Pozniak contends that the trial court erroneously granted the motions for summary judgment of the Recknagels and Amherst. We disagree.
 {¶ 9} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Klingshirn v. Westview Concrete Corp.
(1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 10} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material which shows a genuine dispute over the material facts exists. Id.; Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. In its review of a granting of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
 {¶ 11} With respect to Amherst and the Recknagels' summary judgment motions, Ms. Pozniak argues that a question of fact remained as to whether the hole in the sidewalk was open and obvious. Ms. Pozniak also contends that the Recknagels were negligent per se pursuant to an Amherst ordinance, and that they believe the Recknagels owed her a duty pursuant to the ordinance. Additionlly, Ms. Pozniak asserts that the hole constituted a nuisance in violation of R.C. 723.01, and furthermore that Amherst was negligent per se pursuant to this alleged violation.
 {¶ 12} To establish a claim of negligence in Ohio, a plaintiff must show the existence of a duty, a breach of that duty, and injury directly and proximately resulting from a breach of this duty. Menifee v. Ohio Welding Prods., Inc. (1984),15 Ohio St.3d 75, 77, citing Di Gildo v. Caponi (1969),18 Ohio St.2d 125, 127 and Feldman v. Howard (1967),10 Ohio St.2d 189, 193. In addition, to establish a nuisance on a city's part, a plaintiff must establish negligence by those who have a duty to maintain the area complained of. See R.C. 723.01; Taylor v.Cincinnati (1944), 143 Ohio St. 426, paragraph four of the syllabus; Angerman v. Burick, 9th Dist. No. 02CA0028, 2003-Ohio-1469. Thus, in both situations regarding Amherst and the Recknagels, Ms. Pozniak is required to establish negligence on each party's part. Furthermore, the existence of a duty is crucial to establishing a claim for negligence; without a duty, legal liability cannot exist. Plant v. Bd. of Cty. Comms. (Dec. 13, 2000), 9th Dist. No. 00CA0010, citing Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142 and Feichtner v. Cleveland
(1994), 95 Ohio App.3d 388, 394.
 {¶ 13} Generally, an owner of land abutting a sidewalk is not liable for injuries to pedestrians on a sidewalk. Eichorn v.Lustig's, Inc. (1954), 161 Ohio St. 11, syllabus. Moreover, the open and obvious doctrine provides that a premises owner owes no duty to a person that enters upon the premises with respect to open and obvious dangers, when the conditions are so obvious that a person may be expected to discover them and protect himself or herself against the conditions. Armstrong v. Best Buy Co.,Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 14; Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 48. Smock v. Bob EvansFarms, Inc., 9th Dist. No. 02CA008075, 2003-Ohio-832, citingPaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203-204. "`Where the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant.'"Smock, supra, quoting Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50-51.
 {¶ 14} Similarly, the Supreme Court of Ohio has stated that a city is not accountable for injuries resulting from a pedestrian's failure to heed open and obvious dangers on public walkways:
"One who voluntarily goes upon a sidewalk of a city, which is obviously, and by him known to be, in a dangerous condition, cannot recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown." (Citations omitted.) Norwalk v. Tuttle (1906),73 Ohio St. 242, paragraph two of the syllabus.
A city has no duty to a pedestrian for open and obvious defects that ordinary, reasonable care would have detected and allowed the avoidance of the defect by the pedestrian. See id.; Smith v.Cuyahoga Falls (1943), 73 Ohio App. 22, 25. See, e.g., Rogersv. Wooster (July 30, 1997), 9th Dist. No. 96CA0085 (holding that the city was not negligent and stating that because of the obvious nature of the condition, "the city owed [the plaintiff] no duty to protect him from tripping over it. Where there is no duty, there can be no genuine issue of negligence").
 {¶ 15} We now address whether the sidewalk hole was "open and obvious." Upon a careful review of the record and the various pictures of this sidewalk hole taken from various distances, we conclude that reasonable minds can come but to one conclusion, that the hole in the sidewalk in this case is clearly an open and obvious defect. See Temple, 50 Ohio St.2d at 327. It appears from the pictures that the hole takes up approximately one-third of the entire width of the sidewalk, which measures about 12-15 feet wide. The defect in the sidewalk should have been so open and obvious to a person using ordinary and reasonable care that Ms. Pozniak should have reasonably been expected to discover and avoid the sidewalk hole. In her deposition testimony, Ms. Pozniak recalled it was sunny the day of her accident, and that the ground was relatively dry. She also conceded that she was familiar with the area in which the Mermaid's Tale is located. Furthermore, the hole contained darker soil that distinguished it from the other portion of the sidewalk.
 {¶ 16} Ms. Pozniak argues that her grandchildren, who at some point during the incident were walking directly in front of her, obstructed her view of the hole. However, the fact that another pedestrian supposedly blocked her view of the hole "does not make the defendants negligent." Rogers, supra. See Stockhauser v.Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 35. Furthermore, the written transcript of the deposition of Ms. Pozniak also reveals that Ms. Pozniak's grandchildren and daughter, who were walking with her, were able to avoid the hole and did not fall into it. See, e.g., McDonald v. Lorain Cty. Bd.of Commrs. (Apr. 14, 1999), 9th Dist. No. 98CA007017. Thus, viewing the evidence in the light most favorable to Ms. Pozniak, Amherst and the Recknagels did not owe a duty to her with respect to the sidewalk hole because of its open and obvious nature.
 {¶ 17} In addition, Ms. Pozniak argues that the Recknagels had a duty to her pursuant to an Amherst ordinance which they claim the Recknagels violated. This ordinance section provides:
"903.07 Responsibility of Owners
"All owners of property within the City, whose property abuts upon sidewalks on City streets, shall keep such sidewalks in good repair and free from defects, snow, ice, water and other obstructions or dangerous conditions. * * * If such sidewalks become defective, dangerous, or obstructed in any way, the Director of Public Service may * * * remove such defects, dangerous conditions or obstructions * * *."
 {¶ 18} Ms. Pozniak urges this Court to find that this ordinance section imposes a duty upon landowners to pedestrians in maintaining their sidewalks. However, we will not read such a meaning into this ordinance. This Court has previously noted that a duty to the public at large does not arise from ordinances of this nature; particularly, we found that a similar ordinance does not impose a duty upon abutting landowners to the public to protect them from defects or obstructions that might arise on sidewalks adjacent to their property. Settie v. Palmer (Dec. 1, 1993), 9th Dist. No. 92CA005463, citing Lopatkovich v. Tiffin
(1986), 28 Ohio St.3d 204, 207. Other district courts have upheld this rule of law, as well. See Michalak v. Samuel Geraldo Trust
(June 28, 1996), 6th Dist. No. L-95-332; Tackett v. Ball (Sept. 23, 1998), 4th Dist. No. 97CA822; Edmonds v. Corp. Servs. Mgt.Estates (Nov. 2, 1995), 8th Dist. No. 68016. Therefore, we follow our precedent and conclude that the Amherst Ordinance Section 903.07 does not impose a duty on the Recknagels, as abutting landowners, to the public, to protect them from defects or obstructions that might arise on sidewalks adjacent to their property.
 {¶ 19} In her brief on appeal, Ms. Pozniak also puts forth an argument that the sidewalk hole constitutes an absolute nuisance, in violation of R.C. 723.01. However, we observe that Ms. Pozniak raises this issue for the first time before this Court. It is well established, that, in order for an appellate court to consider an issue, the issue must have been preserved in the lower court. See Bd. of Health v. Trubiani (Dec. 16, 1998), 9th Dist. No. 2731-M, citing LeFort v. Century 21-Maitland RealtyCo. (1987), 32 Ohio St.3d 121, 123 (stating that a party must raise an issue before a trial court to properly preserve that issue for appeal and not result in a waiver of the issue). Generally, issues that are not introduced in the trial court cannot be raised for the first time on appeal. Holman v.Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157. Since Ms. Pozniak did not raise the issue of absolute nuisance before the trial court, she has waived this issue for the purposes of appeal. Therefore, this Court is precluded from addressing this issue. See Thrower v. Akron Dept. of Pub. Hous.Appeals Bd., 9th Dist. No. 20778, 2002-Ohio-3409, at ¶ 20.
 {¶ 20} Based upon the foregoing, we find that reasonable minds can come but to one conclusion, that the sidewalk hole is an open and obvious danger, and that therefore the Recknagels and Amherst had no duty to Ms. Pozniak in this case. Because on our conclusion that neither Amherst nor the Recknagels had a duty to Ms. Pozniak because of the open and obvious nature of the sidewalk hole, Ms. Pozniak's negligence per se arguments need not be addressed. See Ault v. Provenza (May 15, 1996), 9th Dist. No. 95CA006210 (stating that this Court's determination, that the defendant did not breach his duty owed to the plaintiff because she could reasonably discover the open and obvious condition, is dispositive of the argument that defendant may have been negligent per se); Lopatkovich, 28 Ohio St.3d at 207-208
(declining to hold that a violation of a sidewalk ordinance creates a prima facie case of negligence). Additionally, we need not address Ms. Pozniak's argument that the open and obvious doctrine does not dissolve or preclude a duty, as this issue is now moot.
 {¶ 21} We conclude that no genuine issue of fact remains to be litigated, and Amherst and the Recknagels were entitled to summary judgment as a matter of law. See Temple,50 Ohio St.2d at 327. Consequently, this Court finds that the trial court did not err when it granted summary judgment in favor of Amherst and the Recknagels. Accordingly, Ms. Pozniak's first and second assignments of error are overruled.
 III {¶ 22} Ms. Pozniak's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J., concurs.
Carr, P.J., concurs in judgment only.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Concurs.
Carr, P.J. Concurs in Judgment only.
[1] On August 21, 2003, Amherst filed a cross-appeal to this Court, which it later voluntarily dismissed.