DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lesa Morris, appeals from an order of the Wayne County Court of Common Pleas, which granted summary judgment to Appellees, Hothem Investments, Ltd., Luther C. Hothem Realty, Inc. and Hugh Hothem (collectively, "Hothem"). We affirm.
 I. {¶ 2} Hothem owns a parcel of land in Wooster, Ohio. In November 2002, Hothem was renovating this parcel by moving a building and adding a basement, which included an eight foot deep excavation for the installation of an exterior stairwell. After construction of the stairwell, the opening was bordered by a curb, but there was no protective barrier or guardrail.
 {¶ 3} Hotham hired Ms. Morris as an independent contractor to work at this property, including removing and constructing a certain porch. On November 19, 2002, while she was loading debris into her truck parked near the stairwell, Ms. Morris stepped backward and fell into the stairwell opening, suffering severe injuries. She sued Hothem to recover for these injuries, alleging negligence in the failure to protect against this known, dangerous condition.
 {¶ 4} In a deposition, Ms. Morris testified that she was fully aware of the presence of the stairwell, the absence of the guardrail and the potential hazard posed. She had been up and down the stairs a number of times that very day, as she had been painting in that basement. On prior occasions, she had parked her truck in the same location near the stairwell and had successfully navigated the opening. However, on this day, she was looking away, thinking of other things, and when she inattentively stepped back she fell into the opening.
 {¶ 5} Based principally on Ms. Morris' testimony, Hothem moved for summary judgment, arguing that the "open and obvious" doctrine prevented recovery against them as a matter of law. The trial court granted the motion. Ms. Morris timely appealed to this Court.
 {¶ 6} Ms. Morris asserts five assignments of error for review; however, four of them are interrelated and are discussed together to facilitate review.
 II. A. First Assignment of Error
"The court erred in applying the `open and obvious' doctrine to the contractor who constructed the outside stairway to a basement without a guardrail."
 Second Assignment of Error
"The court erred in determining that in all cases where an injured party was aware that an outside stairway to a basement was unguarded that the injured party is precluded from having a claim from damages as a result of the `open and obvious' doctrine."
 Third Assignment of Error
"The court erred in applying the `open and obvious' doctrine in an `owner and occupiers of land' in this case where an injured party was working in an area of a known stairway to a basement that was unguarded."
 Fifth Assignment of Error
"The court erred in ruling on a motion for summary judgment in favor of defendant-appellee where there are genuine issues of material fact to be determined by a jury."
 {¶ 7} In these four assignments of error, Ms. Morris argues that the trial court improperly granted summary judgment by misapplying the open and obvious doctrine. We disagree.
 {¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 10} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 11} To overcome summary judgment on a claim of negligence, a plaintiff must show a duty, and breach of that duty as the direct and proximate cause of an injury. Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563, 565. A duty of care is not assumed, and specifically, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong v. Best Buy Co., 99 Ohio St.3d 79,2003-Ohio-2573, at syllabus. Where no latent defect exists, open and obvious conditions are a matter of law to be determined by the court, and therefore, a proper basis for summary judgment.Armstrong v. Best Buy Co., (Dec. 12, 2001), 9th Dist. No. 01CA007848, affirmed, 99 Ohio St.3d 79, 2003-Ohio-2573.
 {¶ 12} Hothem obtained summary judgment on the basis that the presence of the stairwell and the absence of the guardrail were such open and obvious conditions that as owner and occupier of the property, Hothem owed no duty to warn or protect against the condition. This case did not involve any latent or hidden defect, but merely an open stairwell and an absent guardrail, which the trial court concluded were sufficiently open and obvious to put Ms. Morris on notice of any danger. Ms. Morris testified to her awareness of the stairwell and its danger, her numerous prior activities at this location, and that on the day in question she merely stepped back and fell into the opening. However, "the plaintiff's failure to avoid a known peril is not excused by the fact that he `did not think,' or `forgot.'" Raflo v. TheLosantiville Country Club (1973), 34 Ohio St.2d 1, 3.
 {¶ 13} On appeal, Ms. Morris offers three arguments in her attempt to refute the trial court's finding. First, she contends that she sued Hothem in their capacity as building contractors, not owners, and urges that the "open and obvious" doctrine does not apply to contractors by relying on the holding of Simmers v.Bentley Construction Co. (1992), 64 Ohio St.3d 642. While we suspect that Ms. Morris could not demonstrate a duty under this theory either, we need not reach that issue because her reliance on Simmers is misplaced and her first argument is unavailing. Specifically, the Simmers Court explained the distinction:
"[Defendant] was an independent contractor performing services for the owner of the bridge. While [Defendant] may have had the right to be on, and in the vicinity of, the bridge, it had no property interest in the premises. * * * We are not persuaded to extend the `open and obvious' doctrine to persons who conduct activity with the consent of the landowner but who themselves have no property interest in the premises." Simmers,64 Ohio St.3d at 645.
In the present case, it is uncontested that the Hothem defendants were the true property owners, and Ms. Morris specifically asserted as much in her complaint. Merely labeling these owners as building contractors does not deprive them of their property interest in the premises, nor should it be used to remove the protections they rightfully expect under the law. We find this argument unfounded in law and imprudent as a matter of public policy.
 {¶ 14} Ms. Morris next argues that the designation of a condition as open and obvious is a factual question for the jury. However, her characterization is overbroad, as the cases consistently hold that where there is no latent or hidden defect the status of a condition as open and obvious is properly determined by the court. See Pozniak v. Recknagel, 9th Dist. No. 03CA008320, 2004-Ohio-1753, at ¶ 15; Armstrong v. Best BuyCo., (Dec. 12, 2001), 9th Dist. No. 01CA007848; Shaw v. Cent.Oil Asphalt Corp. (1981), 5 Ohio App.3d 42, 44-45. Therefore, we also find this argument unfounded in law.
 {¶ 15} Finally, Ms. Morris argues that the "open and obvious" doctrine is a defense, related to proximate cause or comparative negligence, and should be left to the jury to decide. However, the Ohio Supreme Court clarified this issue last year in specifically rejecting that argument and emphasizing "that the doctrine relates to the threshold issue of duty." Armstrong,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. Following this logic, this Court recently decided a case on point, concluding:
"In conclusion, it appears that [Plaintiff] willingly subjected himself to working in close proximity to the existing hazard and made no contemporaneous complaint * * *. * * * Before he fell, [Plaintiff] traversed the area several times without incident. He fell only after working several hours in the same location and only when he was moving backwards. The material facts not being in dispute, we conclude that the trial court did not err in granting summary judgment to [Defendant]." Hudson v.DaimlerChrysler Motors Co., 9th Dist. No. 21084, 2004-Ohio-3416, at ¶ 29.
 {¶ 16} Because Ms. Morris' argument is directly contradicted by Armstrong, and guided by the Hudson reasoning, we conclude that Hothem was entitled to judgment as a matter of law and that summary judgment was proper.
 {¶ 17} These four assignments of error are overruled.
 B. Fourth Assignment of Error
"The court erred in ruling in favor of summary judgment where defendant-appellee fails to construct a guardrail around the exterior stairway to the basement in violation of a `specific safety rule'."
 {¶ 18} In her final assignment of error, Ms. Morris suggests that the trial court improperly granted summary judgment to Hothem because of a rule violation. However, we can only conclude that Ms. Morris has failed to meet her burden of demonstrating this alleged error on appeal, for the reasons that follow.
 {¶ 19} An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists.Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 18673.
 {¶ 20} In this case, Ms. Morris has failed to set forth the appropriate standard of review; she has failed to cite any controlling rule, ordinance or statute; she has failed to articulate any legal argument or applicable facts to support such argument; and she has offered no substantive discussion of how the case she quoted relates to her situation in any way. See App.R. 16(A)(7); Loc.R. 7(A)(6). Loc.R. 7(E) provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument."
 {¶ 21} When an appeal comes before this Court for review, "[i]t is not the function of this [C]ourt to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App.3d 41,60. Ms. Morris has failed to meet this burden on appeal, and therefore, we disregard her fourth assignment of error. See Loc.R. 7(E); Smith v. Akron Dept. Pub. Health, 9th Dist. No. 21103, 2003-Ohio-93.
 {¶ 22} Accordingly, Ms. Morris' fourth assignment of error is overruled.
 III. {¶ 23} Ms. Morris' assignments of error are overruled. The order of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Boyle, J., concur.