DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Juanita Jenks, appeals the decision of the Summit County Court of Common Pleas granting partial summary judgment to Appellee, the City of Barberton. We affirm.
 {¶ 2} On September 30, 2002, Appellant, a 79 year old woman, was walking with an exercise class from the Barberton Senior Center in Barberton, Ohio when she tripped and fell due to a 3 ¾ inch height difference between connecting pieces of sidewalk. On August 25, 2003, Appellant filed the instant case against the City of Barberton alleging that the city failed to keep their sidewalks in good repair and thus was negligent and had created a nuisance. The City of Barberton filed a motion for summary judgment on June 16, 2004, arguing that the condition of the sidewalk was open and obvious, and consequently they owed Appellant no duty. On August 11, 2004, the trial court granted summary judgment in favor of the City of Barberton, holding that the condition of the sidewalk was open and obvious and the City owed no duty to Appellant.
 {¶ 3} Appellant appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in granting partial summary judgment in favor of Appellees."
 {¶ 4} In her sole assignment of error, Appellant maintains that the trial court incorrectly granted summary judgment in favor of the City of Barberton. Appellant claims that the open and obvious doctrine does not eliminate the duty the City of Barberton owed to her, there were attendant circumstances, and the City of Barberton had actual notice of the condition. We disagree.
 {¶ 5} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. OilCo. (1982), 70 Ohio St.2d 1, 2.
 {¶ 6} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 7} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449. We do not find that Appellant has overcome Appellee's summary judgment.
 {¶ 8} In this case, the City of Barberton argued that summary judgment was proper since the condition of the sidewalk, a 3¾ height difference, was an open and obvious danger and thus no duty was owed to Appellant. The trial court agreed with the City of Barberton. Appellant now claims that "[t]he open and obvious doctrine does not eliminate a statutorily created duty[,]" and therefore, summary judgment on the matter was improper.
 {¶ 9} The open and obvious doctrine provides that the owner of a premises owes no duty to those people entering the premises regarding dangers that are open and obvious. Armstrong v. Best Buy Co., Inc.
(1999), 99 Ohio St.3d 79, 80. The rationale behind the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning. Id. Appellant argues that R.C. 723.01 imposes a duty on municipalities to keep the sidewalks in good repair and free from nuisance, thus duty is imposed by statute and the open and obvious doctrine has no application to the instant case.
 {¶ 10} R.C. 723.01 provides that:
"the legislative authority of a municipal corporation shall have the care, supervision, and control of the public * * * sidewalks * * * within the municipal corporation. The liability or immunity from liability of a municipal corporation for injury, death, or loss to person or property allegedly caused by a failure to perform the responsibilities imposed by this section shall be determined pursuant to divisions (A) and (B)(3) of section 2744.02 of the Revised Code."
 {¶ 11} R.C. 2744.02(B) provides that a political subdivision is subject to liability for failure to keep public roads in repair and free from nuisance. Appellant maintains that the City of Barberton is liable to her for negligence since it failed to maintain the sidewalk that caused her to fall and injure herself. To recover on a negligence claim, a plaintiff must prove that (1) the defendant owed her a duty (2) that duty was breached by the defendant, and (3) the breach of that duty proximately caused the plaintiff's injury. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565.
 {¶ 12} We agree with Appellant that under certain circumstances, the City of Barberton has a duty to keep the sidewalks in repair and that it can be subject to liability for failing to do so. However, the City is not strictly liable for any injuries that occur as a result of a sidewalk in disrepair. R.C. 2744.03(A)(7) provides that "[t]he political subdivision * * * is entitled to any defense or immunity available at common law or established by the Revised Code." Accordingly, the City of Barberton is entitled to assert the open and obvious doctrine as a defense in this case.
 {¶ 13} In her appellate brief, Appellant does not specifically argue that the condition of the sidewalk was not open and obvious; she alleges that the doctrine does not relieve the City of its duty to her. As discussed above, the open and obvious doctrine is available to the City of Barberton and it provides that no duty is owed to people regarding the open and obvious danger the sidewalk presented.
 {¶ 14} "A basic premise in cases involving sidewalk defects is that municipalities * * * are not insurers of pedestrian safety." Zampelli v.Albrecht Grocery (Dec. 9, 1981), 9th Dist. No. 11229, at 5. We find that the hazardous nature of the sidewalk was apparent. In fact, Appellant testified that none of the other seventeen people she was walking with tripped or fell on the sidewalk, which indicates that they all noticed and avoided the condition. Therefore, Appellant was responsible for taking appropriate measures to protect herself.
 {¶ 15} This court has previously held that "[w]here the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant." (Citations omitted.) Pozniak v. Recknagel, 9th Dist. No. 03CA008320, 2004-Ohio-1753, at ¶ 13. As a result, we find that the trial court did not err in granting summary judgment in favor of the City of Barberton.
 {¶ 16} Appellant next argues that even if the sidewalk presented an open and obvious danger, she can still recover because attendant circumstances existed which caused her not to notice the condition of the sidewalk. While there is no precise definition of attendant circumstances, they would include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." McLain v.Equitable Life Assurance Co. of the United States (Mar. 13, 1996), 1st Dist. No. C-950048, quoting France v. Parliament Park Townhomes (Apr. 27, 1994), 2nd Dist. No. 14264. `"The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered.'" McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 499, quoting Stockhauser v. Archdiocese ofCincinnati (1994), 97 Ohio App.3d 29, 33-34.
 {¶ 17} Appellant has not submitted any evidence supporting her assertion that attendant circumstances were present. In her deposition, Appellant did not testify that the presence of others distracted her. She testified that she was not talking with anyone while she was walking. She did not state that she was distracted by the other walkers. In fact, she did not mention any reason why she did not notice the condition of the sidewalk. The trial court noted that it was clear and dry on the date of the accident and that it was daylight. Appellant likewise testified that it was clear on the day she fell. We find no evidence of any attendant circumstances which enhanced the danger to Appellant and contributed to her fall.
 {¶ 18} In her final argument, Appellant maintains that the City of Barberton had both actual and constructive notice of the condition of the sidewalk. We find that the issue of notice is inapplicable to this case. Appellant cites to Beebe v. Toledo (1958), 168 Ohio St. 203, for the proposition that, in order to charge a municipality with constructive notice of a nuisance for which it may be liable under R.C. 723.01, it must appear that such nuisance existed in such a manner that it could or should have been discovered. In this case, there is no nuisance for which the City is liable under R.C. 723.01. We have found above that the City of Barberton does not owe a duty to Appellant regarding the sidewalk, thus the City is not liable to her for negligence. Since the City is not liable, its notice of the condition of the sidewalk is irrelevant for the purposes of Appellant's negligence claim.
 {¶ 19} In conclusion, we hold that the City of Barberton did not owe a duty to the Appellant regarding the condition of the sidewalk. Appellant tripped over an open and obvious condition and has not shown the presence of any attendant circumstances which caused her to fall. Since the City of Barberton cannot be liable to Appellant without a duty, its actual or constructive knowledge of the condition is irrelevant. Appellant's assignment of error is not well taken.
 {¶ 20} We overrule Appellant's assignment of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Moore, J. concur.