DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Thomas Klosterman, appeals from the Medina County Court of Common Pleas' grant of summary judgment in favor of Appellee, City of Medina. This Court reverses.
 I. {¶ 2} Appellant was injured when he fell while riding his bicycle on the city streets of Medina. As a result of his fall and injuries, Appellant filed a complaint for damages against Appellee on September 5, 2002. In his complaint, Appellant alleged that his fall was caused by his bicycle hitting a crack in the street. Appellant further alleged that Appellee was liable to him because it had failed to properly keep the roadway open and free from nuisance.
 {¶ 3} On July 1, 2003, Appellee moved for summary judgment asserting that it was entitled to sovereign immunity on Appellant's claims for damages. Appellee argued in the alternative that Appellant could not succeed on his claim because the crack in the street was an open and obvious danger and that Appellant had failed to establish the cause of his fall. The trial court appears to have found that Appellee was entitled to immunity. However, the trial court goes on to note that Appellee also failed to establish the cause of his fall and that the crack in the street was an open and obvious danger. Appellant timely appealed this grant of summary judgment, raising one assignment of error.
 II. ASSIGNMENT OF ERROR I
"Defendant-appellee's motion for summary judgment was improperly granted as there are questions of material fact on the issues of negligence and constructive notice[.]"
 {¶ 4} In his sole assignment of error, Appellant alleges that the trial court erred in granting summary judgment in favor of Appellee. Specifically, Appellant alleges that the evidence before the trial court created a genuine issue of material fact regarding whether Appellee had constructive knowledge of the defect in the street. We agree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
Immunity
 {¶ 8} R.C. 2744.02 provides political subdivisions, such as Appellee, immunity from liability incurred in connection with the performance of a governmental or proprietary function. Harp v. Cleveland Hts. (2000),87 Ohio St.3d 506, 509. At the time of Appellant's fall in 2001, R.C.2744.02(B)(3) provided as follows:
"Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge."
 {¶ 9} Additionally, in order to be exposed to liability under this section, the political subdivision must have either actual or constructive notice of a nuisance. Vogel v. Wells (1991), 57 Ohio St.3d 91,97.
 {¶ 10} Appellee contends that summary judgment was appropriate because Appellant failed to demonstrate that Appellee had actual or constructive notice of the defect in the street. It is undisputed that Appellee did not have actual knowledge of the crack in the street. As such, Appellant must demonstrate constructive notice in order to succeed on his claim. In order to charge Appellee with constructive notice, "it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger[.]" Beebe v. Toledo
(1958), 168 Ohio St. 203, 206-207.
 {¶ 11} In order to demonstrate constructive notice, Appellant utilized the affidavit of professional engineer John R. Messineo. Mr. Messineo swore that upon his review of the scene of Appellant's fall he found to a reasonable degree of engineering certainty that the street conditions were "unreasonably dangerous." Mr. Messineo went on to swear that his review led to the conclusion that the conditions at the scene of Appellant's accident had existed "for months if not years and that any reasonable inspection of the roadway by the municipality would have given the municipality notice of the existence of that condition."
 {¶ 12} In response, Appellee utilized the deposition testimony of its service director and city engineer. Through these individuals, Appellee established that the City had procedures in place to routinely repair city streets and that they had not received any complaints about the area in which Appellant fell. Seemingly, the trial court found this testimony to be more credible than Appellant's evidence, finding that "[i]f the Street Department decided the West Smith Road's condition posed a serious problem in need of immediate attention, it would have been reported and subsequently corrected." However, at summary judgment the trial court is not permitted to judge the credibility of witnesses. B.F. Goodrich Co.v. Commercial Union Ins., 9th Dist. No. 20936, 2002-Ohio-5033, at ¶ 9.
 {¶ 13} As demonstrated, the parties clearly disagree as to whether a dangerous condition could have existed for any duration at the scene of Appellant's accident. As such, a genuine issue of material fact exists as to whether Appellee had constructive notice of the crack in the street located where Appellant fell. Accordingly, the trial court erred in granting summary judgment in favor of Appellee on the grounds that it was entitled to immunity.
Open and Obvious
 {¶ 14} The trial court also found summary judgment to be appropriate on the ground that any crack in the street was an open and obvious danger, eliminating any liability of Appellee. This Court disagrees.
 {¶ 15} Recently, the Ohio Supreme Court reaffirmed the existence of the open and obvious doctrine. See Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 2003-Ohio-2573. However, Armstrong dealt with the use of the open and obvious doctrine to eliminate recovery based upon a common law duty. In the instant case, Appellee's duty to maintain the street free from nuisance is statutory. R.C. 2744.02 (2001).
 {¶ 16} This Court is compelled by precedent to find that the open and obvious doctrine applies in the instant situation involving a statutory duty to maintain property free from nuisance. See Pozniak v. Recknagel,
9th Dist. No. 03CA008320, 2004-Ohio-1753, at ¶ 14. However, we find that summary judgment was still inappropriate. The record does not support a finding that the alleged defect was open and obvious. By Appellee's own argument in the trial court, a reasonable inspection would not have revealed the defect to be dangerous. (As noted, Appellant has disputed that argument.) While Appellant has argued that the city should have discovered the defect, it does not automatically follow that if successful on his claim of constructive notice that the defect is automatically deemed open and obvious. If such an argument were true, the city would escape liability under any claim of constructive notice, arguing that either the defect was open and obvious and obviated the duty or that it posed no danger from which liability could stem. Instead of demonstrating the size and shape of the claimed defect made it open and obvious, Appellee attempts to use Appellant's contentions as to constructive notice to show that the defect must have been open and obvious. Contentions do not constitute evidence, however, and there is simply no evidence in this record that the defect was open and obvious. Therefore, the trial court erred in its determination that as a matter of law the defect was open and obvious.
Causation
 {¶ 17} Finally, the trial court found that summary judgment was appropriate on the ground that Appellant had failed to establish that the cause of his accident was the crack in the street. However, Appellant's affidavit attached to his opposition to summary judgment states as follows:
"As I continued to travel in a lawful manner the front tire of my racing bicycle fell into one of these crevices where it became lodged, causing me to fall to the ground."
Appellee asserted that Appellant, at deposition, admitted that he did not see the crack before he fell, and that when he rose he did not see his tire stuck in the crevice. As such, it appears that the trial court found that Appellant's affidavit lacked credibility. As noted above, at summary judgment the trial court is not permitted to judge the credibility of witnesses. B.F. Goodrich Co., at ¶ 9. Rather, the trial court was obligated to resolve any doubt in favor of the non-moving party, Appellant. Viock, 13 Ohio App.3d at 12. As such, resolving any doubt in favor of Appellant, a genuine issue of material fact exists as to whether Appellant's fall was caused by the crack in the street. Accordingly, the trial court erred in granting summary judgment on the basis that Appellant had failed to demonstrate the element of proximate cause in his negligence claim.
 {¶ 18} Therefore, the trial court erred in its finding that no genuine issue of material fact existed in this matter. As such, Appellant's sole assignment of error is well taken.
 III. {¶ 19} Appellant's assignment of error is sustained and the judgment of the Medina County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Batchelder, J., concur.