{¶ 23} As I find the open and obvious doctrine inapplicable to the within matter, I respectfully dissent. The open and obvious doctrine is a legal doctrine that has developed in suits against property owners by persons injured on the property of another. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. In Simmers, the Ohio Supreme Court explained that:
"[h]istorically, a landowner's liability in tort is incident to the occupation or control of the land, which involves the owner's right and power to admit and exclude people from the premises. The `open and obvious' doctrine, therefore, governs a landowner's duty to persons entering the property-property over which the landowner has the right and power to admit or exclude persons as invitees, licensees, or trespassers." (Internal citations omitted.) Id. at 645.
I find that this doctrine is inapplicable to cases involving the statutory duty of a political subdivision under R.C.2744.02(B)(3) to maintain its roads, sidewalks, etc., free from nuisance.
 {¶ 24} First and foremost, the open and obvious doctrine is a common law doctrine. Robinson v. Bates, 160 Ohio App.3d 668,2005-Ohio-1879, at ¶ 15, certiorari allowed 106 Ohio St.3d 1531,2005-Ohio-5146 (finding the open and obvious doctrine inapplicable to a case involving a landlord's statutory duty to maintain its leased premises in a fit and habitable condition). As such, it cannot relieve a political subdivision of statutory
duties. There can be no debate about whether Appellees had astatutory duty to maintain the road free from nuisance as this duty is explicitly set forth in the Revised Code. Id. "As the Ohio Supreme Court made clear in Armstrong v. Best Buy, the open-and-obvious doctrine concerns only whether a duty exists. It does not extend to causation or any other element of negligence. It can act only as a bar to a landowner's duty." (Footnote omitted.) Robinson, supra, at ¶ 15.
 {¶ 25} Second, the open and obvious doctrine involves the duty to warn and protect against open and obvious dangers, while this case involves a different duty — the duty to keep roads open, in repair and free from nuisance. R.C. 2744.02(B)(3); SeeSchoefield v. Beulah Road, Inc. (Aug. 26, 1999), 10th Dist. No. 98AP-1475 (finding the open and obvious doctrine inapplicable where tenant's daughter suffered injuries after she tripped on deteriorated concrete steps in front of her mother's apartment building even though steps had been broken for several months, and the tenant, the daughter, and the landlord were all aware of the condition of the steps).
 {¶ 26} Last, it would be nonsensical to hold that the open and obvious doctrine could somehow eviscerate Appellees' statutory duty to keep its roads open, in good repair and free from nuisance. That holding would allow political subdivisions to flagrantly violate their statutory duties under R.C.2744.02(B)(3) as long as the violations are open and obvious.Robinson, supra, at ¶ 16. I find such a result illogical in light of the legislature's apparent attempt to carve out an exception to the general grant of immunity to political subdivisions by enacting legislation such as R.C. 2744.02(B).
 {¶ 27} In Klosterman v. Medina, 9th Dist. No. 04CA0052-M,2005-Ohio-1134, (J. Baird), this Court recognized and identified the problems inherent in applying the open and obvious doctrine to situations involving a statutory duty to maintain property free from nuisance. We reversed the trial court's grant of summary judgment in favor of the city, finding that genuine issues of material fact remained regarding (1) whether the city had constructive notice of a crack in the city's street at the location where the appellant fell while riding his bicycle, (2) whether the crack was open and obvious and (3) whether the crack caused the appellant to fall from his bicycle. We explained that the city's duty to maintain the street free from nuisance was statutory, citing R.C. 2744.02.[2] We then reluctantly applied the open and obvious doctrine, noting that "[t]his Court is compelled by precedent to find that the open and obvious doctrine applies to the instant situation involving a statutory duty to maintain property free from nuisance." (Emphasis added.) Id. at ¶ 16, citing Pozniak v. Recknagel, 9th Dist. No. 03CA008320, 2004-Ohio-1753. This Court then noted its concern that subdivisions can always escape liability through the open and obvious doctrine. We explained that if a party argues that the subdivision should have discovered the defect and thus had constructive notice of the condition, then the subdivision can simply contend that the defect must be open and obvious. "If such an argument were true, the city would escape liability under any claim of constructive notice, arguing that either the defect was open and obvious and obviated the duty or that it posed no danger from which liability could stem." Klosterman, supra, at ¶ 16.
 {¶ 28} As noted in Klosterman, this Court has previously applied the open and obvious doctrine to cases involving a political subdivision's statutory duty to maintain property free from nuisance. See Rogers v. Wooster (July 30, 1997), 9th Dist. No. 96CA0085 (finding that city owed no duty to protect appellant from condition because of obvious nature) and Plant v. Bd. ofCty. Commrs. (Dec. 13, 2000), 9th Dist. No. 00CA0010 (determining that walkway and railing were open and obvious conditions and that county had no duty to protect appellant from these conditions). In Pozniak, supra, we held that a hole in a public sidewalk presented an open and obvious danger. We declined to consider the appellant's argument that the hole in the sidewalk constituted a nuisance, as she had failed to preserve that argument for appeal. Pozniak, supra, at ¶ 19.
 {¶ 29} In Jenks v. Barberton, 9th Dist. No. 22300,2005-Ohio-995, relying on Pozniak, we found that the condition of a sidewalk having a three and three-quarter inch height difference was an open and obvious condition. Although we agreed that the city could be subject to liability for its failure to maintain its sidewalks in good repair, we found that the open and obvious doctrine served as a defense to the city's liability under R.C. 2744.03(A)(7). R.C. 2744.03(A)(7) provides that "[t]he political subdivision * * * is entitled to any defense or immunity available at common law or established by the Revised Code." However, in Leiner v. Brewster Dairy, Inc., 5th Dist. No. 2003-CA-00259, 2004-Ohio-3260, at ¶ 28, the Fifth District Court of Appeals determined that the "[l]ack of a duty owed to the plaintiff is not an affirmative defense" and noted that the open and obvious doctrine, in particular, is not an affirmative defense.
 {¶ 30} Upon review of this Court's recent applications of the open and obvious doctrine, I would find that to the extent this Court has previously relied upon the open and obvious doctrine to negate a political subdivision's statutory duty under R.C.2744.02(B)(3), we have erred. I find that this case meets the three-part test utilized to overrule precedent and outlined inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849:
"A prior decision * * * may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." Id. at paragraph one of syllabus.
 {¶ 31} Judge Baird (Retired, 9th District Court of Appeals) has served as a persistent voice of dissent regarding this issue. See Klosterman, supra; Steidl, supra. His opinion inKlosterman set the stage for a departure from our precedent. I find that no undue hardship will arise from abandoning our precedent as our prior pronouncements on this issue have already been questioned. Galatis, supra, at paragraph one of syllabus. In light of (1) the nonsensical effect and unjust result of using this doctrine to relieve political subdivisions of their statutorily imposed duties and (2) concerns raised in this Court's recent pronouncements, I find that this case fits squarely within the test outlined in Galatis. Id. Accordingly, I would find that the common law open and obvious doctrine is inapplicable to matters involving a political subdivision's statutory duty under R.C. 2744.02(B)(3). Accordingly, I would reverse the trial court's grant of summary judgment in favor of Appellees.
[2] See Steidl v. Cuyahoga Falls (Feb. 22, 1995), 9th Dist. No. 16620, at *6, (J. Baird concurring in judgment and stating that "the analysis of any claim [under R.C. 2744.02] against a municipality ought to be under that statute and not under the common law as to premises liability").