JOURNAL ENTRY and OPINION
{¶ 1} In this action for personal injury resulting from a bicycle mishap, plaintiff-appellant Nanette Fodor appeals from the trial court orders that granted summary judgment in favor of defendants-appellees, the City of Strongsville, Ohio and Cuyahoga County, Ohio.
 {¶ 2} Appellant argues summary judgment for the appellees was inappropriate. She contends issues of fact remain concerning which entity had responsibility to maintain the sidewalk where the mishap occurred, and whether that entity was immune from liability. Following a review of the record, this court determines the trial court's decisions were correct; therefore, they are affirmed.
 {¶ 3} Appellant's injuries resulted from an incident that occurred on the morning of Thursday, May 11, 2000. She, her husband and a friend were bicycling from the city of Berea, Ohio on the Cleveland Metropolitan Park ("the metropark") District's all-purpose asphalt trail ("the bicycle path"). Appellant took the lead to set the pace of the ride. Upon entering the city of Strongsville, the trio was diverted when the bicycle path was blocked because of a construction project.
 {¶ 4} They proceeded up the Whitney Road hill, turned left when they came to Albion Road, and then turned left again onto State Route 42, or Pearl Road. They intended to return to the bicycle path; the Pearl Road entrance to the metropark was a short, downhill distance away. Since the morning traffic was heavy on the four-lane road, appellant chose to ride on the sidewalk.
 {¶ 5} A bridge carried Pearl Road over a branch of the Rocky River. Appellant had just crossed the bridge and could see the metropark entrance ahead when she noticed that the guardrail to her right crowded the sidewalk. In response, she directed her bicycle's front tire to the left; however, the tire suddenly became lodged in the seam where a concrete sewer "catch basin" cover had been set into the sidewalk. She braked to slow her speed but lost control of the bicycle and pitched over the handlebars to land on her side, sustaining cuts and bruises.
 {¶ 6} Appellant subsequently instituted this action against appellees and the metropark. In pertinent part, she alleged that the defendants had failed properly to maintain the sidewalk in a safe condition, and that sidewalk's condition constituted a nuisance. The defendants answered her complaint with denials of its pertinent allegations; they also raised the affirmative defense of immunity pursuant to R.C. Chapter 2744.
 {¶ 7} After securing appellant's deposition, each defendant filed a motion for summary judgment with respect to appellant's claims. Appellee Strongsville argued that R.C. 2744.02(C)(2) provided immunity from liability, and that the exception set forth in R.C. 2744.02(B)(3) was inapplicable. Appellee Cuyahoga County argued that since the evidence demonstrated appellant's mishap had occurred past the bridge, it was absolved from liability pursuant to R.C. 723.01. Both supported their motions.
 {¶ 8} Strongsville presented the affidavit of City Engineer Mark Sunyak. He stated that the bridge had been replaced in 1987-88 by a construction project "prepared and supervised by the Ohio Department of Transportation (ODOT)." He further stated that he had reviewed ODOT's construction plans for that project; the plans showed the installation of a "recessed catch basin with a rectangular concrete catch basin cover approximately 3 feet by 9 feet * * * abutting Pearl Road" and the replacement of "the sidewalk running north from the bridge along the right (east) side of the concrete catch basin cover." Both "the rectangular concrete catch basin cover and the abutting sidewalk were designed by ODOT's contract engineer and constructed by ODOT's general contractor for the bridge project."
 {¶ 9} Strongsville also attached to its motion photographs taken by appellant's husband soon after the incident that depicted the place where appellant fell. These showed the location was on the eastern side of Pearl Road just past the bridge deck. The photographs showed the side guardrail insinuated itself from the end of the bridge to narrow the sidewalk next to the concrete catch basin cover; beyond the cover on its north edge, a widening "tree lawn" area began between the road's curb and the sidewalk. The cover was separated from the sidewalk by an "expansion gap" of perhaps two inches.
 {¶ 10} Cuyahoga County presented the affidavit of Jeffrey Horvath, its "Chief Bridge Inspection/Maintenance Engineer." Horvath stated that he inspected the place where appellant fell. He further stated the "approach of the bridge extends from the expansion joints to twenty-five feet beyond the bridge," and that "the cement area where [appellant alleged] her fall occurred [was] not located [either] on the bridge or the approaches (sic) to the bridge."
 {¶ 11} Appellant responded to the motions after dismissing the metropark as a defendant in the action. She argued in her brief in opposition that because appellees' evidence indicated "each blamed the other" for the incident, summary judgment in their favor was improper.
 {¶ 12} Appellant provided her affidavit, in which she stated that the "catch basin had settled significantly below the grade of the sidewalk," and a "large rut" existed "between the catch basin and the sidewalk." Appellant asserted one of the appellees must have been aware of the problem, because "public records" demonstrated other bicyclists had been injured in the same area, and the city service department had been directed "to research responsibility" for the "pavement differences." In support of her assertion, appellant submitted the affidavit of another bicyclist who claimed she had been injured on April 1, 2000 in a fall that occurred because of the "poor condition of the sidewalk and/or cement."
 {¶ 13} Each appellee filed a reply brief in which it argued that it was not responsible for the condition that caused appellant's fall. Cyuahoga County's brief was supported by Horvath's additional affidavit and copies of the documents he referenced therein.
 {¶ 14} The trial court subsequently granted each appellee's motion for summary judgment. Appellant appeals from those orders with the following assignment of error:
 {¶ 15} "The trial court erred when it improperly granted summary judgment dismissing appellant's claims against Cuyahoga County and City of Strongsville."
 {¶ 16} Appellant argues the record contains evidence that the sidewalk area at which the mishap occurred was in a condition that constituted a nuisance, and that one of the appellees was responsible for its condition; therefore, summary judgment for them was inappropriate. Appellant's argument is unpersuasive, since the evidence demonstrated Cuyahoga County was exempted from liability pursuant to R.C. 723.01 and Strongsville was entitled to immunity pursuant to R.C. 2744.02(B)(3).
 {¶ 17} In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion.Temple United, Inc. v. Wean (1977), 50 Ohio St.2d 317. Nevertheless, a properly-supported motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial.Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, modifyingWing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108.
 {¶ 18} Civ.R. 56(C) thus makes summary judgment proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Norris v. OhioStd. Oil Co. (1982), 70 Ohio St.2d 1. In this case, appellant provided no evidence that either of the appellees breached any duty owed to her.
 {¶ 19} A sidewalk on a public street is presumed to be under the control of the municipality. Eichorn v. Lustig's Inc.
(1954), 161 Ohio St. 11, 13. R.C. 723.01, which imposes a duty on a municipal corporation to keep public sidewalks "free from nuisance," is inapplicable to counties. Ruwe v. Board of CountyCommrs. of Hamilton County (1986), 21 Ohio St.3d 80, 82; cf.,Siegel v. Neff (Aug. 20, 1992), Cuyahoga App. No. 60496.
 {¶ 20} Cuyahoga County's duty, therefore, extended to only the bridge and its approaches. R.C. 5591.21, 5591.23. Horvath stated in his affidavit that appellant's fall occurred beyond this limit. Since appellant provided no evidence to contradict his statement, the county was exempted from liability. Engle v.Salisbury Twp., Meigs App. No. 03CA11, 2004-Ohio-2029; Hedrickv. City of Columbus (Mar. 30, 1993), Franklin App. Nos. 92AP-1030, 92AP-1031.
 {¶ 21} Strongsville's duty to maintain the sidewalk is controlled by R.C. 723.01 in conjunction with R.C. Chapter 2744, which has abrogated former case law and conditionally reinstated common law principles of sovereign immunity. Wilson v. StarkCty. Dept. of Human Services, 70 Ohio St.3d 450 at 452-453, 1994-Ohio-394.
 {¶ 22} The statutes therefore provide immunity to political subdivisions in the performance of governmental functions; such immunity is subject to only delineated exceptions. Id.; see, also, Amborski v. Toledo (1990), 67 Ohio App.3d 47.
 {¶ 23} R.C. 2744.01(C)(1) and (2)(e) indicate that the functions of the city which promote public welfare, such as the maintenance of sidewalks, are governmental functions. Since R.C.2744.02(A)(1) creates a broad immunity for these functions, appellant could prevail on her claims only if she demonstrated an exception applied to the facts of this case. Haynes v. City ofFranklin, 95 Ohio St.3d 344, 2002-Ohio-2334.
 {¶ 24} In her brief in opposition to appellees' motion for summary judgment, appellant asserted her claims against Strongsville fell under the exception set forth in R.C.2744.02(B)(3). This states in pertinent part that political subdivisions are "liable for injury * * * to person or property caused by their failure to keep public * * * sidewalks * * * open, in repair, and free from nuisance."
 {¶ 25} However, an exception to the exception exists. According to the Ohio Supreme Court in Haynes, in order to withstand a motion for summary judgment on her claim of nuisance for purposes of R.C. 2744.02(B)(3), appellant had to satisfy a "two-pronged test." Although the evidence, when construed most strongly in her favor, established the condition created a danger to ordinary traffic, she failed to meet the second prong, viz., the "cause of the condition was other than a decision regarding design and construction." (Emphasis added.)
 {¶ 26} Appellant admitted in her deposition that the expansion gap left between the catch basin cover and the sidewalk, i.e., "the space between the two surfaces" of concrete, was the condition that caught her bicycle tire and caused her mishap. City Engineer Sunyak stated that his inspection of the area in conjunction with his review of the relevant plans showed the catch basin cover and the sidewalk next to it both were designed and constructed by ODOT's contractors during the 1987-88 bridge replacement project.
 {¶ 27} The evidence thus proved the condition was "the result of negligent design or construction decisions" made by ODOT. Since the evidence demonstrated "the condition [wa]s the result of negligent design or construction decisions, the condition d[id] not constitute a nuisance, and immunity attache[d]."Haynes v. Franklin, supra at 348. Consequently, Strongsville was not responsible, rather, it was immune from liability for appellant's injuries. Id.
 {¶ 28} The trial court thus correctly granted appellees' motions for summary judgment. Accordingly, appellant's assignment of error is overruled. Engle v. Salisbury Twp., supra;Rosemann v. Berea. (Sept. 2, 1999), Cuyahoga App. No. 74523.
 {¶ 29} The trial court's orders are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J. and McMonagle, J. Concur.