OPINION
{¶ 1} Plaintiffs-Appellants appeal the trial court's judgment entry granting Defendant-Appellee's Motion for Summary Judgment.
 {¶ 2} Defendant Appellee is City of Canton.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On February 22, 2002, Appellant Barbara J. Carlson, was attending a high school basketball game at the Canton Civil Center. While at the game, she used the ladies restroom. As she was exiting one of the stalls in the restroom facility, she fell. She claims that she stepped onto a recessed drain with a loose cover, her shoe became caught in the drain and she lost her balance and fell onto her right shoulder and the right side of her body. She further claims that her view of the drain was obstructed by the bathroom stall door. As a result of her fall, Appellant suffered injuries and incurred medical expenses.
 {¶ 4} On February 17, 2004, Appellants filed a Complaint for personal injury against Appellee alleging negligence because of the condition of the drain.
 {¶ 5} On October 29, 2004, Appellee filed a Motion for Summary Judgment.
 {¶ 6} On November 15, 2004, Appellants' filed a Motion in Opposition to Appellee's Motion for Summary Judgment.
 {¶ 7} On November 29, 204, Appellee's filed a Reply to Appellants' Motion in Opposition.
 {¶ 8} On December 6, 2004, the trial court granted Defendant-Appellee's motion for summary judgment.
 {¶ 9} Appellants now appeal, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 10} "I. Trial court erred in granting the defendant-appellee's motion for summary judgment on the grounds that there existed a genuine issue of material fact regarding whether a loose drain tile in the restroom at the canton civic center was unreasonably dangerous and not open and obvious.
 I. {¶ 11} Appellants argue that the trial court erred in granting summary judgment in favor of Appellee. We disagree.
 {¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,663 N.E.2d 639, 1996-Ohio-211:
 {¶ 13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 Ohio St.3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.
 {¶ 15} A successful negligence claim requires a plaintiff to prove: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v.D.O. Summers Cleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217, 274;Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616;Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707.
 {¶ 16} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291, 294.
 {¶ 17} In the case sub judice, it is undisputed that Appellant was a business invitee of Appellee.
 {¶ 18} A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810,812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g., Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in Sidle:
 {¶ 19} "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., paragraph one of the syllabus. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claim. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.
 {¶ 20} Additionally, in a trip and fall case against an owner or occupier, "the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it." Presley v. Norwood (1973),36 Ohio St.2d 29, 31, 303 N.E.2d 81 (citing Anaple v. Standard Oil Co.
(1955), 162 Ohio St. 537, 127 N.E.2d 128; Johnson v. Wagner ProvisionCo. (1943), 141 Ohio St. 584, 49 N.E.2d 925).
 {¶ 21} Upon review of the record, we do not find that the trial court committed error in granting Appellee's motion for summary judgment.
 {¶ 22} Appellant admitted that the lighting in the restroom was adequate. (T. at 6). She admitted that there was nothing obstructing her view on the way in or out of the stall. (T. at 8, 17).
 {¶ 23} Photographs of the drain reveal that the drain tile is circular as opposed to she square tiles surrounding it and it is also a slightly difference color than the surrounding tiles. (Appellee's Exhibit A to Motion for Summary Judgment).
 {¶ 24} Additionally, Appellant herself admitted that if she would have looked down she may have seen the drain but that using the restroom was the only thing on her mind at the time. (T. at 18-19).
 {¶ 25} A review of the transcript also reveals that appellant failed to present any evidence that Appellee had actual or constructive notice that a hazard existed in the form of a recessed or loose drain tile or covering.
 {¶ 26} Based on the foregoing, we find that Appellee had no duty to warn Appellant about the drain because such would have been an open and obvious danger.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} The decision of the Stark County Court of Common Pleas is affirmed.
Boggins, P.J. and Gwin, J. concur.
Hoffman, J. dissents.