DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Amanda Moody, appeals from the judgment of the Wayne County Court of Common Pleas, which granted the motions for summary judgment of Appellees, Coshocton County and Coshocton County Commissioners. This Court affirms.
 I. {¶ 2} On August 30, 2001, Ben Moody ("Mr. Moody"), Appellant's decedent, began his first day of employment for Lytle Construction Company, a paving company that had been hired by Appellees to perform paving work on a county road in Coshocton County. Mr. Moody was working as a "helper" on the chip and seal crew. As a helper, Mr. Moody stood on a step attached to a spreader box on the back of a dump truck and looked out for obstacles.
 {¶ 3} While the dump truck was dropping gravel and traveling in reverse down the roadway at a speed of approximately three to four miles per hour, the truck ran over a tree stump. The spreader box collided with the stump and Mr. Moody was tragically thrown off the box and into the back wheels of the dump truck, sustaining fatal injuries.
 {¶ 4} The stump was approximately a foot high, about a foot and a half in diameter and was located in between the roadway and the ditch. The stump had been spray-painted bright yellow. The roadway had no shoulder, curb or edge lines. Several people, including Mr. Moody, observed the stump prior to the accident. John Lytle, one of the owners of Lytle Construction, observed the stump prior to the accident. Soon thereafter, John Lytle informed Steve Siegrist, Coshocton County Deputy Engineer, about the stump. Mr. Siegrist drove to the stump to examine it. Upon inspecting the stump, Mr. Siegrist decided that it was not something that needed to be addressed immediately and therefore decided not to have it removed at that time. On the morning of the accident, John Lytle told Doug Rupp, the foreman of the chip and seal crew, to watch out for the stump.
 {¶ 5} The truck upon which Mr. Moody was traveling passed by the stump on two occasions before the accident occurred. On the second pass, Mr. Moody warned Mr. Rupp that the truck was nearing the stump. The crew then stopped the truck, folded up the spreader box and drove by the stump without incident. The accident occurred during the crew's third pass of the stump when the crew was performing touch-up work on the road. For reasons unexplained in the record, the crew did not, on the third pass, navigate around the stump. After the accident, Roger Hill, the Road Supervisor for Coshocton County, went to see the stump. Mr. Hill determined that the stump should be removed, but that it was not a hazard to travelers on the roadway. Thereafter, the stump was removed.
 {¶ 6} On August 29, 2003, Appellant, as the administratrix of Mr. Moody's estate, filed a complaint for wrongful death against Appellees in Wayne County Common Pleas Court. Appellant alleged that Appellees were liable for failing to maintain a public road in repair and free from nuisance. On March 29, 2005, Appellees filed a motion for summary judgment in which they argued that they were immune from liability. On May 2, 2005, Appellant filed a brief in opposition to Appellees' motion. On May 13, 2005, Appellees filed a reply thereto. The trial court granted summary judgment in favor of Appellees on June 29, 2005, finding them immune under political subdivision immunity. The court provided no factual or legal rationale for its decision. Appellant filed a timely notice of appeal on July 25, 2005, raising one assignment of error for review.
 II. APPELLANT'S ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES ON THE BASIS OF POLITICAL SUBDIVISION IMMUNITY."
 {¶ 7} In her sole assignment of error, Appellant contends that the trial court erred in granting summary judgment in favor of Appellees on the basis of political subdivision immunity.
 {¶ 8} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
 {¶ 11} In support of its motion for summary judgment, Appellees relied upon the depositions of several Lytle Construction Company employees and Coshocton County employees. In her brief in opposition, Appellant also relied upon these depositions and additionally relied upon the report and affidavit of John Messineo, a civil engineer who inspected the accident scene after the accident, as well as photos of the stump and accident scene.
 {¶ 12} Here, Appellant argues that the trial court erred in granting summary judgment to Appellees because the stump constituted a nuisance and Appellees breached their duty under R.C. 2744.02(B)(3) by failing to remove the nuisance. She further contends that, at the very least, questions of fact remain regarding whether the stump constituted a nuisance which make summary judgment improper.
 {¶ 13} In determining whether a political subdivision is immune from liability, this Court must engage in a three-tier analysis. Cater v. Cleveland (1998), 83 Ohio St.3d 24, 28. The first tier is the premise under R.C. 2744.02(A)(1) that:
"[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
"With respect to the tort liability of political subdivisions, the maintenance and repair of bridges, roads, highways, and streets is a `governmental function.'" Maier v. Norton (June 11, 1997), 9th Dist. No. 18002, at *2.
 {¶ 14} The second tier involves the five exceptions set forth in R.C. 2744.02(B), any of which may abrogate the general immunity delineated in R.C. 2744.02(A)(1). The only exception to political subdivision immunity which may be applicable in this case arises out of R.C. 2744.02(B)(3), which states that political subdivisions are liable for injury or death "caused by their failure to keep public roads * * * or public grounds within the political subdivisions open, in repair, and free from nuisance[.]"[1]
 {¶ 15} Lastly, under the third tier, "immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies."Cater, 83 Ohio St.3d at 28. In its motion for summary judgment, Appellees raised R.C. 2744.03(A)(3)/(5) as defenses. Under R.C.2744.03(A)(3)/(5), political subdivisions are immune for certain discretionary decisions of it and its employees.
 {¶ 16} Assuming without deciding that Appellant has established that the stump constituted a nuisance, Appellees are nonetheless absolved of their duty to remove the stump as the stump was open and obvious. Cook Family Invests. v. Billings,
9th Dist. Nos. 05CA008689, 05CA008691, 2006-Ohio-764, at ¶ 19 (holding that an appellate court is bound to affirm on other grounds if the trial court's decision is legally correct). The trial court rejected Appellees' argument that the stump was open and obvious but provided no rationale for its decision.
 {¶ 17} The open and obvious doctrine provides that a premises owner owes no duty to a person that enters upon the premises with respect to open and obvious dangers, when the conditions are so obvious that a person may be expected to discover them and protect himself or herself against the conditions. Armstrong v.Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 14;Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 48. See, also,Smock v. Bob Evans Farms, Inc., 9th Dist. No. 02CA008075, 2003-Ohio-832, at ¶ 11, citing Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 203-04. "`Where the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant.'" Smock, supra, at ¶ 11, quoting Parsonsv. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51.
 {¶ 18} We find no dispute that the stump was an open and obvious hazard. The stump was approximately a foot high, about a foot and a half in diameter and was located in between the roadway and the ditch. Moreover, the stump had been spray-painted bright yellow. There is no dispute that several people, including Mr. Moody, observed the stump prior to the accident. The dump truck passed by the stump on two occasions before the accident occurred. On the second pass, Mr. Moody warned Mr. Rupp that the truck was nearing the stump.
 {¶ 19} This Court has held that the open and obvious doctrine applies in situations such as this involving a statutory duty to maintain property free from nuisance. See Pozniak v. Recknagel,
9th Dist. No. 03CA008320, 2004-Ohio-1753, at ¶ 14; Klosterman v.Medina, 9th Dist. No. 04CA0052-M, 2005-Ohio-1134, at ¶ 16. In light of (1) the fact that Mr. Moody had observed the stump prior to the accident, (2) the stump was a foot high, a foot and a half in diameter and (3) the stump was painted bright yellow, we find that the condition of the stump was such that Mr. Moody could reasonably be expected to discover it on the third pass and make certain that the driver avoided it. Armstrong, supra, at ¶ 14. Viewing the evidence in the light most favorable to Appellant, Appellees did not owe Mr. Moody a duty with respect to the stump because of its open and obvious nature.
 {¶ 20} We overrule Appellant's sole assignment of error.
 III. {¶ 21} Appellant's sole assignment of error is affirmed. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
[1] The language of former R.C. 2744.02(B)(3) requiring political subdivisions to keep public roadways "free from nuisance" was deleted when the statute was amended by 2002 Ohio Laws File 239 (S.B. 106), effective April 9, 2003. Because the operative facts of this case predated the effective date of the amendment, it is the pre-amended statute that is applicable here. See Harp v. Cleveland Heights (2000), 87 Ohio St.3d 506.