JOURNAL ENTRY AND OPINION
{¶ 1} This is brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to permit this court to *Page 3 
render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} In this action for personal injury due to a fall on a municipal sidewalk, plaintiff-appellant Jacquelyn Porachan appeals from the trial court's decision to grant summary judgment to defendant-appellee the City of Cleveland on her complaint.
 {¶ 3} The trial court decided summary judgment for the city was appropriate because the sidewalk defect was "open and obvious" and, additionally, insubstantial as a matter of law, because the defect was less than two inches in height. Porachan's two assignments of error challenge each of the trial court's bases for its decision.
 {¶ 4} This court has reviewed the record and finds the trial court's decision legally was correct, but not upon either of the two bases stated in its order. Moody v. Coshocton Cty., Wayne App. No. 05CA0059,2006-Ohio-3751, Tf16. Rather, as the city lastly argued in its motion for summary judgment, on these facts, immunity from liability exited pursuant to R.C. 2744.02(B)(3). Haynes v. Franklin, 95 Ohio St.3d 344,2002-Ohio-2334, 4|18-19.
 {¶ 5} The relevant facts of this case are not disputed. On the evening of December 19, 2002, after dark, Porachan left her son's home located at 7101 Dell Bank Avenue. This was the first time she parked on the street rather than in his driveway. The street was lighted. As she turned right onto the sidewalk to approach *Page 4 
her car she had proceeded almost to the next owner's property line when her foot struck a raised portion of sidewalk. She fell and sustained injuries.
 {¶ 6} Later examination of the area showed that two adjoining sidewalk slabs were separated by a height differential. The differential apparently was caused by tree roots growing under the second slab which had forced it up. The second slab was approximately three inches higher than the first slab near the tree lawn, and sloped slightly downward toward the property line, becoming less than two inches higher on that side.
 {¶ 7} The differential seemed to have existed at least since 1989; someone had attempted to create a concrete "ramp" to alleviate it, and Porachan's son stated the ramp had been in place since he moved into his home that year. Porachan admitted in her deposition that had she looked down as she walked, she would have seen the height differential, and stepped up onto the second slab.
 {¶ 8} Porachan alleged that her fall resulted from the city's failure to maintain the sidewalk, which created a nuisance. During the course of the action, the city filed a motion for summary judgment with respect to Porachan's claims. The city argued that Porachan's claims were barred for three reasons: 1) the sidewalk defect was "open and obvious;" 2) the sidewalk defect was less than two inches in height and, therefore, not "substantial" as a matter of law; and 3) the city was immune from liability in this case pursuant to R.C. 2744.01, et seq. The city supported its motion *Page 5 
with copies of the depositions taken by the parties.
 {¶ 9} In relevant part, the city's superintendent of Bureau of Sidewalks in the Department of Public Service, John Petkac, testified that, pursuant to city ordinance, adjoining property owners are responsible for maintenance of the sidewalk in front of the property. He stated that the city, therefore, ordinarily enforced the ordinance by "complaint-driven inspections." Thus, unless a complaint were generated, the city had no notice of the existence of a problem with any particular sidewalk. He further testified that he had inspected the city's records, and no complaint ever had been made concerning the sidewalk area at 7101 Dell Bank Avenue.
 {¶ 10} Porachan submitted a brief in opposition to the motion. She argued that genuine issues of material fact existed as to whether the defect could be considered either "open and obvious" or not "substantial" as a matter of law. She additionally argued that the mere fact that a ramp was constructed at the site constituted the existence of a genuine issue as to whether the city had "notice" of the defect and thus could be held liable pursuant to the exception set forth in R.C.2744.02(B)(3).
 {¶ 11} The trial court accepted both of the city's first two arguments. Since it is from this order that Porachan appeals, she restricts her arguments to whether the trial court correctly determined the sidewalk defect was either "open and obvious" or insubstantial as a matter of law.
 {¶ 12} On the facts of this case, however, this court deems it unnecessary to *Page 6 
determine whether the decision in Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573 applies to a municipality, and whether the "two-inch rule" announced in Cash v. Cincinnati (1981),66 Ohio St.2d 319 continues to apply. Cf., Carlson v. Canton, Stark App. No. 2005 CA 00004, 2005-Ohio-3186; Quinn v. Motgomery Cty. Educ. Serv. Ctr, Montgomery App. No. 20596, 2005-Ohio-808. This court, instead, will limit its decision to central the issue of the correctness of the trial court's judgment for the city, on the basis that the record reflects that R.C. 2744.01 conferred immunity.
 {¶ 13} A sidewalk on a public street, like the street itself, is presumed to be under the control of the municipality, and R.C. 723.01
imposes a duty to keep public sidewalks "free from nuisance." Fodor v.Strongsville, Cuyahoga App. No. 84287, 2004-Ohio-6021, ¶ 19. R.C.723.01, nevertheless, must be read in conjunction with the provisions of R.C. Chapter 2744, which confer "sovereign immunity" on the city. Id;Haynes v. Franklin, supra.
 {¶ 14} Thus, as set forth recently in Haynes, supra, a person injured on a public sidewalk must satisfy a two-prong test to prove the existence of an exception to the immunity conferred by R.C.2744.01(C)(1) and (2)(e). Assume arguendo, for the purposes of discussion, Porachan proved the sidewalk defect met a part of the first prong, i.e., it constituted "a danger to ordinary traffic," she still failed to meet the test. Fodor v. Strongsville, supra; see also,Moody v. Coshocton Cty., supra. *Page 7 
 {¶ 15} "To withstand a motion for summary judgment, the plaintiff must satisfy the first prong of the test by establishing that the condition alleged to constitute a nuisance creates a danger for ordinary traffic on the regularly traveled portion * * *." Haynes, supra at Tf18. To satisfy the second prong, the plaintiff must establish that no exception to the immunity conferred by R.C. 2744.01 applies. Id.; see also,Moody, supra, ¶ 14-15. As described by the Ohio Supreme Court, the second prong may be satisfied by showing, inter alia, that "the political subdivision ha[d] failed to correct the defect upon being charged with actual or constructive notice of its existence." Id., Tf19; see also, Klosterman v. Medina, Medina App. No. 04CA0052-M,2005-Ohio-1134, TJ8-10, citing Harp v. Cleveland Hts.,87 Ohio St.3d 506, 509, 2000-Ohio-467.
 {¶ 16} In a case in which the city has imposed a general duty upon owners and occupiers of land to keep the sidewalks abutting the property in good repair and free from nuisance, the burden imposed by R.C. 723.01
is shifted from the political subdivision. Quinn v. Montgomery Cty. Ed.Serv. Ctr, supra, ¶ 19-22. Under these circumstances, the plaintiff must show that the city had actual notice of the defect for a long enough time in which to repair it. Haynes, supra, ¶ 19; Anderson v.Cleveland (Apr. 16, 1992), Cuyahoga App. No. 60099, citing Ruwe v. Bd.of Springfield Twp. Trustees (1987), 29 Ohio St.3d 59, 60; cf.,Klosterman v. Medina, supra, 4|10.
 {¶ 17} The record in this case proved the city had no notice of the defect. *Page 8 
Instead, Petcak's testimony shows the city never received a complaint about the defect in the sidewalk upon which Porachan fell. Thus, she failed to show the existence of any exception to immunity. Anderson v.Cleveland, supra.
 {¶ 18} Since the trial court correctly, albeit for the wrong reasons, granted the city's motion for summary judgment, Porachan's assignments of error are overruled.
 {¶ 19} The trial court's order is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
 ANTHONY O. CALABRESE, JR., P.J. and PATRICIA ANN BLACKMON, J. CONCUR *Page 1